UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RYAN L. DELAPINIA,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, SR., et al.,<br>　　　　　　　　　Respondents. | Case No. 2:17-cv-02376-MMD-DJA<br><br>ORDER |

**I.   SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the Court is Respondents' motion to dismiss ("Motion").[1] (ECF No. 26.) Respondents initially argued that Petitioner Ryan Delapinia had not exhausted three claims for relief. Respondents have now withdrawn their arguments for two of those claims. As to the remaining claim, the parties agree that it is technically exhausted because it is procedurally defaulted. The parties also agree that they should address the procedural default in an answer on the merits. To that extent, the Court grants in part the Motion.

**II.   BACKGROUND**

Pursuant to a guilty-plea agreement, Delapinia was convicted of one count each of sexual assault with the use of a deadly weapon, first-degree kidnaping with the use of a deadly weapon, burglary, and robbery with the use of a deadly weapon. (ECF No. 17-5.)

Delapinia appealed. The Nevada Supreme Court held that the state district court had not made the required factual findings for imposition of the deadly-weapon sentences under NRS § 193.165(1). The Nevada Supreme Court reversed in part and remanded for

---

[1] Petitioner filed an opposition (ECF No. 35) and Respondents have replied (ECF No. 39.)

resentencing, by a different district judge, on the deadly-weapon sentences. (ECF No. 17-8 at 2, 5 n.2.) The Nevada Supreme Court rejected Delapinia's other arguments.

The state district court resentenced on the deadly-weapon enhancements and entered an amended judgment of conviction. (ECF Nos. 17-10, 17-11.) Delapinia did not appeal the amended judgment of conviction.

Delapinia then filed a counseled post-conviction habeas corpus petition in the state district court. (ECF No. 17-12.) Delapinia filed that petition more than a year after the Nevada Supreme Court issued its direct-appeal remittitur but less than a year after the state district court entered the amended judgment of conviction. The state district court held that the petition was timely under Nevada's one-year statute of limitations, NRS § 34.726(1), because the sentences did not become final until the amended judgment became final. (ECF No. 22-15 at 6-7.) The state district court then denied the petition on the merits. (*Id.* at 8-11.) Delapinia appealed. The Nevada Supreme Court affirmed. (ECF No. 22-20.)

## III.  LEGAL STANDARD

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Respondents initially argued that grounds 2(b), 4(b), and 4(c) were not exhausted. (ECF No. 26.) Respondents have withdrawn their arguments regarding grounds 2(b) and 4(b). (ECF No. 39 at 3.)

Ground 4(c) is a claim that trial counsel failed to consult with Delapinia about a direct appeal after resentencing. (ECF No. 25 at 22.) *See also Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Delapinia acknowledges in the Second Amended Petition that he did not litigate the claim in ground 4(c) in state courts. (ECF No. 25 at 20.)

Delapinia argues that the Court should consider the claims to be technically exhausted but procedurally defaulted. (*Id.*) Delapinia explains that if he presents these claims to the state courts now, the state statute of limitations (NRS § 34.726(1)) and the state bar against second or successive petitions (NRS § 34.810) would apply. (ECF No. 35 at 6.) Although those statutes allow for a showing of good cause and prejudice to excuse their operation, Delapinia states that he has no showing of good cause that the state courts would accept. (*Id.* at 6-7.) On the other hand, Delapinia argues that he does have a showing of good cause that this Court could accept: State post-conviction counsel provided ineffective assistance by not raising these claims in his post-conviction proceedings before the state district court. *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012). But Nevada does not accept ineffective assistance of post-conviction counsel as good cause to excuse the state-law procedural bars. *Brown v. McDaniel*, 331 P.3d 867, 870-75 (Nev. 2014).

The Court prefers to address these matters in the same manner that it often does when a claim of cause and prejudice is based upon an independent claim of constitutionally ineffective assistance of either trial or appellate counsel. In such circumstances, the Court often defers a resolution of the cause-and-prejudice analysis until after the filing of an answer and reply where the parties contingently address to address the claims on the merits.  This approach gives the Court the benefit in its analysis of a full factual and legal presentation as to all relevant claims. The Court will adopt this approach here.

**IV.    CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 26) is granted in part with respect to ground 4(c) and denied in part with respect to grounds 2(b) and 4(b).

It is further ordered that the Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to

overcome the procedural default of ground 4(c) until after an answer and reply have been filed in this action.

It is further ordered that Respondents will have 45 days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have 45 days from the date on which the answer is served to file a reply.

DATED THIS 20th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE